### In re HAWKINS et al.

### In re VATTER–LYNN MILLINERY CO.

#### (District Court, N. D. Georgia. April 12, 1918.)

#### Nos. 855, 856.

BANKRUPTCY ⬤ 311(4)—CLAIMS—INDIVIDUAL CREDITORS.

Where a creditor of a corporation knew of the insolvency of the corporation, as well as of the insolvency of its controlling stockholder, a note given such creditor by the stockholders for the amount of its claim against the corporation constituted a legal fraud against the individual creditors of the stockholders, and was not provable against them individually.

In Bankruptcy. In the matter of Misses M. E. Hawkins and Lucile Hawkins, bankrupts. The claim of the Vatter-Lynn Millinery Company was disallowed by the referee, and claimant petitions to review. Affirmed.

See, also, 243 Fed. 792.

Denny & Wright, of Rome, Ga., for claimant.
T. W. Lipscomb, of Rome, Ga., for trustee.

NEWMAN, District Judge. The Vatter-Lynn Millinery Company filed with the referee in this case proof of claim for $1,050.15, to the allowance of which the trustee filed objections. The referee, after hearing the matter, disallowed the claim, and the matter is now here on a petition to review his finding. The opinion filed by the referee in the case is as follows:

The Vatter-Lynn Millinery Company, of Louisville, Ky., filed with the referee in this case proof of claim for $1,050.15. To the allowance of the claim the trustee has filed objections, the chief ground of objection being that the note upon which the proof of claim is based was without a consideration, and that the giving of said note while the bankrupts were insolvent was a fraud on their creditors. The Vatter-Lynn Millinery Company originally had a debt against the Hawkins-King Millinery Company for $1,669.69. This debt was proved in the bankruptcy case of the Hawkins-King Millinery Company, and received its proportionate share on the composition carried through in that case. This reduced the debt to the sum of $1,050.15, which is now attempted to be proved against the Misses Hawkins, who also filed individual petitions in bankruptcy at the same time that the Hawkins-King Millinery Company went into bankruptcy. Originally, the Vatter-Lynn Millinery Company had a claim, as stated, against the Hawkins-King Millinery Company, of which the Misses Hawkins owned a controlling interest. In order to better secure the payment of this debt, the Misses Hawkins, on the 15th of September, 1916, gave a third security deed to the Vatter-Lynn Millinery Company upon real estate which they owned in Atlanta, and which was the only property that they owned. This note was attached to and was a part of the security deed. The security deed was held invalid by the bankruptcy court, and the Vatter-Lynn Millinery Company is now attempting to set up the note as an unsecured debt.

The consideration of said note was alleged by the payees to be extension of time and extension of credit. The note was made payable on demand, and any extension of time by the payees was entirely voluntary, as they could demand payment at any time. The extension of credit, under the evidence in this case, is not apparent. There is no evidence that the Vatter-Lynn Millinery Company ever shipped any goods to the Hawkins-King Millinery Company or the Misses Hawkins after this note was given. Miss M. E. Hawkins testified, on examination, as follows: "Q. On September 15, 1916, you recite that you made a deed to secure $1,669.69, on this same property, to the Vatter-Lynn Millinery Company of Louisville. You recite that it is a third security deed, or a lien secondary to the deed to Mrs. Young. At the time that you made that deed, did you get any cash from the Vatter-Lynn Millinery Company or anybody else? A. No, sir. Q. That was a debt that was due the Vatter-Lynn Millinery Company, a corporation, wasn't it? A. Yes, sir. Q. You got nothing for making either one of these last two deeds, then? A. Nothing at all."

On page 9 of Miss M. E. Hawkins' testimony, she testified in reference to this same transaction: "A. I believe I told him that the corporation was to have an extension of time. Q. And to get more goods? A. If I wanted them; yes, sir. Q. Did you get any more goods? A. I don't remember. Q. You don't owe him anything else but this, do you? A. No, I don't owe him, anything else."

This testimony was in reference to whether the Vatter-Lynn Millinery Company shipped any more goods to the Misses Hawkins after they gave this note attached to the security deed. This seems to be the only direct testimony regarding the question of further extension of credit after the note was given by the Misses Hawkins to the Vatter-Lynn Millinery Company. It appears, then, that the consideration for this transaction is, to say the least, indefinite. The extension of time, if such it was, was entirely optional with the holders of the note. The extension of credit does not appear to have been

given; hence there seems to be no real consideration. The note given by the Misses Hawkins to the Vatter-Lynn Millinery Company was a necessary part of the security deed proceeding. There is no evidence that they would have given the note in any other way. It was given a little more than 30 days before the bankruptcy petitions were filed, and when it seems evident that both the Misses Hawkins were insolvent. I do not think the facts in the case in the 111th Georgia Reports, cited by attorneys for the claimants, fit this case.

In the opinion of the referee, if the lien given by the Misses Hawkins to secure this debt was void for lack of consideration, there was no debt, and consequently the note has no standing in court. It seems to me to be apparent that the bankrupts were insolvent at the time they gave this note and security deed, and that they were attempting to secure the debt of the corporation with their own property, although both they and the creditors they were attempting to secure were aware of this fact. I am not sure that this would be sufficient to prevent proving this claim as an unsecured debt, but I do feel sure that the evidence regarding consideration is sufficient to justify the conclusion that there was no actual consideration given for the note. It is therefore ordered that the claim of the Vatter-Lynn Millinery Company be disallowed."

After argument of counsel and consideration of this matter, I am thoroughly satisfied that the referee's finding is correct. The Hawkins-King Millinery Company and the Misses Hawkins individually were entirely distinct legal entities. The Hawkins-King Millinery Company was indebted to the Vatter-Lynn Millinery Company, without any obligation or any legal liability of any kind of the Misses Hawkins. The Misses Hawkins, on the 15th day of September, 1916, gave to Mr. William F. Vatter, trustee for Vatter-Lynn Millinery Company, their individual joint note. According to the findings of the referee, supported by the evidence, at the time the note was given both parties knew of the insolvent condition of the Hawkins-King Millinery Company and the Misses Hawkins individually. Such transaction constituted a legal fraud as against the creditors of the Misses Hawkins, and in consequence it is, as a claim, invalid and nonprovable in bankruptcy. It would be remarkable if one having knowledge of his insolvency could create a new debt, without consideration, especially when the party to whom the debt is made has every reason to know of the insolvent condition of the debtor. Such claim should not be allowed as against existing creditors.

The findings of the referee, disallowing the claim of the Vatter-Lynn Millinery Company, is approved and confirmed.